UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tara Reilly n/k/a Tara Adams<br>539 Palm Street<br>Scranton, PA 18505<br>on behalf of herself and all others<br>similarly situated,<br><br>             Plaintiff<br><br>   vs.<br><br>Northeast Revenue Services, LLC<br>340 N. Washington Avenue<br>Scranton, PA 18503<br><br>             Defendant | C.A.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT- CLASS ACTION**

I.  **INTRODUCTION**

1.  This is a consumer class action for damages brought on behalf of Pennsylvania consumers against a debt collector for collecting and attempting to collect delinquent waste disposal fees. Defendant employs misleading, unfair and deceptive collection tactics in violation of (1) the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA") and (2) the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*("CPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant's collection notices, sent to thousands of Pennsylvania consumers, do not advise consumers that the notices are from a debt collector and do not contain the validation

notice or verification language required by the FDCPA. Accordingly, Plaintiff seeks certification of a class of Pennsylvania consumers and actual, statutory and treble damages for themselves and all persons similarly situated.

## II.    JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and the claims alleged herein under the FDCPA pursuant to 15 U.S.C. § 1692 *et seq* . The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) in that they arise out of the same common core of operative facts and form part of the same case or controversy as the federal claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the conduct giving rise to this action occurred in this District, Defendant regularly conduct business in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III.   PARTIES

4. Plaintiff Tara Reilly n/k/a Tara Adams (hereinafter "Reilly" or "Plaintiff") is an adult individual residing at 539 Palm Street Scranton, PA 18505.

5. Defendant, Northeast Revenue Service, LLC (hereinafter "Defendant") is a Pennsylvania limited liability company with its principal place of business located at 15 Public Square, Suite 202, Wilkes Barre, PA 18701. Defendant's principal purpose as advertised on its web site is to provide superior collection services for municipal and private entities by increasing and accelerating cash flow.

416866

IV.   **FACTUAL ALLEGATIONS**

   6.   Defendant was retained by the City of Scranton to collect delinquent waste disposal fees.

   7.   On or about November 9, 2012, Defendant sent a notice to Reilly claiming that it was hired by the City of Scranton to collect alleged delinquent waste disposal fees from 2005 to 2009 in the sum of $1,380.74. A true and correct copy of the notice sent to Reilly is attached hereto as Exhibit "A".

   8.   The notice was false, deceptive, misleading and unfair in that it includes amounts that were not due and owing to the City of Scranton.

   9.   The notice was false, deceptive, misleading and unfair in that it did not advise Plaintiff that the notice was sent by a debt collector in connection with an attempt to collect a debt, and that any information obtained would be used for that purpose as required by §1692(e)(11) of the FDCPA, and did not contain the required validation/verification information required within five days of Defendant's initial communication with Plaintiff, pursuant to §1692(g) of the FDCPA.

   10.   Pursuant to §2270.4(a) of the FCEUA, Defendant was required to comply with all provisions of the FDCPA.

   11.   The notice was false, deceptive and misleading and unfair in that it failed to advise Reilly that she had thirty (30) days to dispute the validity of the debt, in writing, and if she did not do so, the debt would be assumed to be valid as required by §1692(g).

   12.   The notice was false, deceptive and misleading and unfair in that it failed to advise Plaintiff that she had thirty (30) days to notify the debt collector in writing that the debt, or any portion thereof, is disputed as required by §1692(g).

3

416866

13. Plaintiff did not owe any money to the City of Scranton for delinquent waste disposal.

14. Plaintiff had satisfied all outstanding waste disposal fees due on her property on July 25, 2011 when she purchased the property at 539 Palm Street Scranton, PA from the Seller of the property. At the closing, all of the claimed unpaid waste disposal fees, in fact, were satisfied.

15. Defendant knew or should have known that its actions violated the FDCPA and the FCEUA. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and the FCEUA, but deliberately chose not to do so and failed to adequately review its actions to insure compliance with the said laws.

16. At all times relevant hereto, Defendant was a debt collector acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment.

17. At all times relevant hereto, Defendant knew or should have known that its efforts as a debt collector to collect waste disposal fees qualified as a debt under the FDCPA and therefore Defendant's attempt to collect these debts are governed by the requirement of the FDCPA.

18. Waste disposal fees are considered a debt within the meaning of the FDCPA. *Piper v. Portnoff Law Associates, Ltd.* 396 F. 3d 227 (3d Cir. 2005) citing *Pollice v. Nat'l Tax Funding, L.P.* 225 F. 3d 379 (3d Cir. 2000).

19. At all times relevant hereto, Defendant's conduct was malicious, intentional, willful, reckless, grossly negligent and in wanton disregard for the law and rights of Plaintiff herein.

4

416866

20. As a result of Defendant's conduct, Plaintiff and the Class have sustained actual damages including payment of unsubstantiated waste disposal fees, and out of pocket expenses.

21. According to the *Times-Tribune*, more than 7800 delinquent garbage bills were sent out by Defendant Northeast Revenue Service LLC. And, the newspaper reported that residents were showing up to pay the bills or to contest them. "The line was 15-20 people deep at times...," reported the newspaper. A true and correct copy of the news article is attached hereto as Exhibit "B".

## V. CLASS ACTION ALLEGATIONS

22. This action is brought as a class action pursuant to Rule 23 (b) (1), (2) and (3) of the Federal Rules of Civil Procedure in that:

   a. the class is so numerous that joinder of all members is impracticable;

   b. there are questions of law or fact common to the class;

   c. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and,

   d. the representative parties will fairly and adequately protect the interests of the class.

23. The class is defined as: all persons who, as owners of real property located in Scranton, Pennsylvania, received communications from the Defendant after November 1, 2012 relating to municipal claims for delinquent waste disposal fees (the "Class"). Excluded from the Class is Defendant, its employees, servants or agents, and all governmental agencies.

24. This action should be maintained as a class action under Rule 23 (b) (1) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of

adjudication with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Unless restrained and enjoined, Defendant will continue to violate the applicable Federal and State statutes making class certification pursuant to Rule 23 (b) (2) appropriate.

26. This action should also be maintained as a class action under Rule 23 (b) (3) as there are questions in law and fact that predominate over individual questions.

27. The common questions of law and fact are inter alia the following:

    a. Whether Defendant violated the FDCPA, the FCEUA and the CPL by mailing notices or written communications to the Class which did not contain the language required by the FDCPA to consumers during the applicable time period;

    b. Whether Defendant violated the FDCPA, the FCEUA and the CPL by mailing notices or written communications to the Class which contained false sums allegedly due and owing to the City of Scranton for the waste disposal fees;

    c. Whether the collection tactics were false, deceptive, misleading and unfair in violation of the FDCPA, the FCEUA and the CPL in misrepresenting the amount of the debt;

    d. Whether Defendant's initial failure to disclose in their initial communications that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, that Plaintiff had certain validation/verification rights with respect to the debt and Defendant's failure to disclose in all communications that they were debt collectors constituted a violation of the FDCPA, the FCEUA and the CPL;

416866

  e. Whether Defendant has collected charges, fees and any other collection costs in excess of the amounts permitted by applicable law;

  f. Whether Defendant has become unjustly enriched by its collection of the amounts not permitted by law; and

  g. Whether Plaintiff and members of the Class are entitled to injunctive relief and damages for Defendant's unlawful conduct described herein.

28. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant sent out more than 7800 notices to consumers virtually identical to those sent to Plaintiff who own property within the City of Scranton. Thus, although the precise number of Class members is known only to Defendant, Defendant regularly collects or attempts to collect consumer debt throughout the Commonwealth of Pennsylvania. The collection tactics are uniform, because Defendant does not deny that it has chosen not to conform its practice to the requirements of the FDCPA and because the collection notices are standard form notices sent to consumers, numerosity may be presumed.

29. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories, and Plaintiff and the members of the Class sustained ascertainable loss in the form of payment of unlawful fees and other damages arising from Defendant's wrongful conduct in violation of law.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter, and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

416866

31. Whether a Class member was the subject of Defendant's collection tactics can be determined by ministerial inspection of Defendant's records. Defendant maintains computer records showing the history of their debt collection attempts as to each Class member.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damage in an individual action under the FDCPA is $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

### COUNT ONE-VIOLATION OF FDCPA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth in full.

34. Defendant is a "debt collector" as defined by §1692(a)(6) of the FDCPA.

35. Plaintiff is a "consumer" as defined by §1692(a)(3) of the FDCPA.

36. The notices sent to Plaintiff by Defendant is a "communication" relating to a "debt" as defined by §§1692a(2) and 1692a(5) of the FDCPA.

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§1692(e), and 1692(g) as evidenced by the following conduct:

(a) The use or distribution of any written communication which creates a false impression as to its source, authorization, or approval;

(b) Failing to disclose clearly in all communications made to collect a debt or to obtain information about Plaintiff, that Defendant is attempting to collect a debt and that any information will be used for that purpose;

8

416866

  (c) Collecting and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law;

  (d) Failing to send Plaintiff all of the required information pursuant to §1692(g) of the FDCPA;

  (e) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

  (f) Failing to advise Plaintiff that she had thirty (30) days to notify the debt collector in writing that the debt, or any portion thereof, is disputed as required by §1692(g).

  (g) Failing to advise Plaintiff that she had thirty (30) days to dispute the validity of the debt, in writing, and if she did not do so, the debt would be assumed to be valid as required by §1692(g).

38. Defendant's acts as described were done with malicious, intentional, willful, reckless, wanton and grossly negligent disregard for Plaintiff's rights under the law and with the purpose of Plaintiff to pay the alleged debt.

39. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT TWO – VIOLATIONS OF FCEUA AND CPL

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth in full.

41. Defendant is a "debt collector" as defined by §2270.3 of the FCEUA.

42. Plaintiff is a "debtor" as defined by §2270.3 of the FCEUA.

43. The notices sent by Defendant are "communications" relating to a "debt" as defined by § 2270.3 of the FCEUA.

416866

44. Pursuant to 73 P.S. §2270.4(a), any violation by a debt collector of the FDCPA is a violation of the FCEUA.

45. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the CPL, by attempting to collect the debt in violation of the FCEUA. Defendant further violated the FCEUA and CPL by engaging in the following conduct:

  (a) Falsely representing the amount of the debt and any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of §1692e(2)(A);

  (b) Failing to disclose clearly in all communications made to collect a debt or to obtain information about Plaintiff, that Defendant is attempting to collect a debt and that any information will be used for that purpose in violation of §1692(e)(11) of the FDCPA;

  (c) Failing to send Plaintiff all of the required information pursuant to §1692(g) of the FDCPA;

  (d) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

  (e) Failing to advise Plaintiff that she had thirty (30) days to notify the debt collector in writing that the debt, or any portion thereof, is disputed as required by §1692(g) of the FDCPA.

  (f) Failing to advise Plaintiff that she had thirty (30) days to dispute the validity of the debt, in writing, and if they did not do so, the debt would be assumed to be valid as required by §1692(g) of the FDCPA.

  (g) Collecting and attempting to collect unauthorized amounts in violation of §1692(f)(1) of the FDCPA; and

  (h) Otherwise using false, deceptive, misleading, and unfair or unconscionable means to collect or attempt to collect a debt.

46. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

47. As a result of the above violations of the FCEUA and CPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

### COUNT THREE – UNJUST ENRICHMENT

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth in full.

49. Defendant has been unjustly enriched at the expense of Plaintiff and the Class by their collection of unreasonable fees not allowed by the law.

50. As a result, Defendant has been unjustly enriched and Plaintiff and members of the Class have suffered damages.

### COUNT FOUR – INJUNCTIVE RELIEF

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth in full.

52. Unless restrained and enjoined Defendant will continue its conduct of violating and ignoring all applicable Federal and State laws.

VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

416866

(b) That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA, the FCEUA and the CPL;

(c) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff and members of the Class in violation of the FDCPA, the FCEUA and the CPL;

(d) That judgment be entered against Defendant for actual damages, purusuant to 15 U.S. C. § 1692k(a)(1);

(e) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(f) That judgment be entered against Defendant for actual and treble damages pursuant to 41 P.S. § 502 and 73 P.S. §201-9.2(a);

(g) That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. §201-9.2(a);

(h) That judgment be entered against Defendant for punitive damages;

(i) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 201-9.2(a); and

(j) That the Court grant such other and further relief as may be just and proper.

WEIR & PARTNERS LLP

BY: _____
STEVEN E. ANGSTREICH, ESQUIRE
BRETT A. DATTO, ESQUIRE
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
(Phone - 215-665-8181)
(Facsimile – 215-665-8464)
Attorneys for Plaintiff

Date: November 19, 2012

416866